# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6493 AHM (JEMx) | Date | May 12, 2011 |
|---|---|---|---|

| Title | ELITE MANUFACTURING CORPORATION v. CREATIVE IMAGES INTERNATIONAL, INC. |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:** IN CHAMBERS (No Proceedings Held)

Before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint.[1]

This is a patent infringement action. Plaintiff owns the patents for several furniture products, and brings this action against Defendants, who have allegedly manufactured and sold copies of Plaintiff's products. Compl. ¶ 13 & Exh. 7. Plaintiff seeks to file an FAC to: (1) amend the designation of Defendant's accused products; and (2) add Joanna Chang ("Chang") as a party to this action. Defendant does not oppose the first part of Plaintiff's request, to amend the designation of Defendant's accused products. However, Defendant opposes the addition of Ms. Chang as a party. For the following reasons, the Court GRANTS the unopposed portion of Plaintiff's Motion (to amend the product designation) and GRANTS the Motion to add Ms. Chang as a party. The Court focuses its discussion on the Motion to add Ms. Chang as a party.

## I. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a previously amended pleading "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). The Rule further provides that "leave [to amend] shall be freely given when justice so requires." *Id.* "Under Rule 15(a), courts are cautioned to apply the policy of free amendment of pleadings with extreme liberality." *SAES Getters S.P.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) (citing *DCD*

---

[1] Dkt. 20.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6493 AHM (JEMx) | Date | May 12, 2011 |
|---|---|---|---|
| Title | ELITE MANUFACTURING CORPORATION v. CREATIVE IMAGES INTERNATIONAL, INC. | | |

*Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of pleadings is to be permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party." *Id.* at 1086-87(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Thus, the burden of persuasion is on the party opposing amendment.

"The four factors are generally not accorded equal weight; a showing of delay alone, for example, usually will not justify denial of leave to amend." *Id.* (citing *DCD Programs, Ltd.*, 833 F.2d at 186). "The factors are fairly self-explanatory, but have evolved in the case law as follows. To show undue delay, the opposing party must at least show delay past the point of initiation of discovery; even after that time, courts will permit amendment provided the moving party has a reasonable explanation for the delay." *Id.* (citations omitted). "[C]ourts have understood ['bad faith'] to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction." *Id.* (citation omitted). "'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id.* (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

"Finally, an amendment is 'futile' only if it would clearly be subject to dismissal." *Id.* (citing *DCD Programs, Ltd.*, 833 F.2d at 188; *Moore v. Kayport Package Express*, 885 F.2d 531, 542 (9th Cir. 1989)). "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, *see Miller v. Rykoff- Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Id.* (citing William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 8:422).

## II. SUMMARY OF PROPOSED ALLEGATIONS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6493 AHM (JEMx) | Date | May 12, 2011 |
|---|---|---|---|
| Title | ELITE MANUFACTURING CORPORATION v. CREATIVE IMAGES INTERNATIONAL, INC. | | |

Plaintiff seeks to add the following allegations to its complaint, which name Ms. Chang as a Defendant to this action:

> Upon information and belief, Defendant Joanna Chang (hereinafter "Chang") . . . is and has been the President of Defendant Creative Images and has had controlling authority of its day-to-day operations since approximately 1987.

Proposed FAC ¶ 3. Plaintiff also alleges that "Chang has directed and controlled the activities that form the basis of Plaintiff's claims of patent infringement against Defendant, including the acquisition, promotion, and/or sale of furniture products accused of infringing Plaintiff's patents in suit." Proposed FAC ¶ 4. Plaintiff contends that Chang was the "moving force" who directed and controlled Defendant Creative Images to commit infringement of Plaintiff's patents-in-suit. *Id*. Plaintiff also alleges "Chang has also been actively involved in directing most if not all aspects of the litigation of this matter, including but not limited to communicating with Plaintiff and its counsel, filing and signing pleadings, and signing verifications for discovery responses." *Id*. at ¶ 5. Plaintiff contends this should be the basis on which Chang should be held jointly and severally liable for infringement and inducing infringement. *Id*.

### III. DISCUSSION

The thrust of Defendant's opposition to Plaintiff's Motion is that Plaintiff's amendment would be futile. Defendant does not discuss the factors of undue delay, bad faith, and undue prejudice. Defendant has failed to meet its burden of persuasion on this factor, and the Court GRANTS the Motion.

Specifically, Defendant makes two arguments as to why Plaintiff's amendment is futile: (1) Plaintiff fails to provide evidence for either of the requirements necessary for the piercing of the corporate veil; and (2) Plaintiff fails to provide evidence sufficient to support a prima facie case of inducement. Opp. at 2.

### A. Piercing the Corporate Veil

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6493 AHM (JEMx) | Date | May 12, 2011 |
|---|---|---|---|
| Title | ELITE MANUFACTURING CORPORATION v. CREATIVE IMAGES INTERNATIONAL, INC. | | |

Defendant contends that alleging that Ms. Chang is "the President of a 4 to 5 employee company, . . . has sole controlling authority over its day-to-day operations, and . . . is involved in the promotion and sale of its furniture" cannot justify a piercing of the corporate veil, and that Plaintiff has not cited authority to indicate otherwise. Opp. at 3. Defendant contends that *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565 (Fed. Cir. 1986), which Plaintiff also cites, requires an invocation of principles related to the piercing of the corporate veil in order to determine corporate officer liability under 35 U.S.C. § 271(a). Opp. at 2.

However, Plaintiff notes that it is not asserting a theory of personal liability against Ms. Chang based on any claimed unity of interest and ownership between Ms. Chang and Creative Images. Reply, at 5. Rather, Plaintiff seeks to add Ms. Chang as a party under 35 U.S.C. § 271(b), which states: "[w]hoever actively induces infringement of a patent shall be liable as an infringer." As the court noted in *Orthokinetics*, "it is well settled that corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under § 271(b) regardless of whether the corporation is the alter ego of the corporate officer." 806 F.2d at 1579. *See also Symbol Technologies, Inc. v. Metrologic Instruments, Inc.*, 771 F. Supp. 1390, 1404 (D.N.J. 1991) ("Personal liability under § 271(b) for inducing infringement may be found when corporate officers actively engaged in assisting their corporation's infringement regardless of whether circumstances justify a court piercing the corporate veil.").

Accordingly, and given the policy of freely granting leave to amend a complaint, and that the burden of persuasion is on the party opposing amendment, the Court finds Defendant's argument is not persuasive in its attempt to convince the Court to deny Plaintiff's motion.

### B. Inducement

Defendant contends that Plaintiff has failed to specifically describe how Ms. Chang induced infringement. Opp. at 4.

Both parties agree that the legal standard for active inducement is found in *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). That standard is

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6493 AHM (JEMx) | Date | May 12, 2011 |
|---|---|---|---|
| Title | ELITE MANUFACTURING CORPORATION v. CREATIVE IMAGES INTERNATIONAL, INC. | | |

as follows: "To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they 'actively and knowingly aid[ed] and abett[ed] another's direct infringement.'" *DSU Medical Corp.*, 471 F.3d at 1305 (citing *Water Technologies Corp. v. Calco, Ltd.,* 850 F.2d 660, 668 (Fed. Cir. 1988)).

There is no requirement that inducement be pled more specifically than under Fed. R. Civ. P. 8(a)(2). In fact, under Fed. R. Civ. P. 9(b), "malice, intent, knowledge, and other conditions of a person's mind may be alleged *generally*." (emphasis added).

Here, in addition to the allegations in the complaint, wherein Plaintiff alleges Chang directed and controlled activities of Defendant and was the "moving force" behind the company, Plaintiff cites to the following evidence in an attempt to demonstrate, for purposes of its complaint, active inducement. First, Plaintiff cites to statements made by Ms. Chang where she acknowledged her supervisory role at Creative Integrated. These include: (1) "My company consists of three other employees under my supervision," Vegh Motion Decl., Exh. E (made by Chang in her declaration in support of a motion to transfer venue); and (2) "Joanna Chang is the only person capable of running the day to day operations of Creative Images," Vegh Motion Decl., Exh. F (made by Chang in the text of the Motion to Transfer Venue, which she authored *in pro per* on behalf of Creative Integrated). Second, Plaintiff provides a proforma invoice dated April 2, 2008 issued by the manufacturer of the accused products and sent to Defendant. Vegh Reply Decl., ¶ 2 & Exh. A. The invoice is addressed to "Joanna," which Plaintiff alleges is Ms. Chang. Reply at 7. Plaintiff alleges this supports a finding that the infringing products were acquired by and on behalf of Creative at the direction and control of Ms. Chang. Vegh Reply Decl. ¶ 2. Third, Plaintiff provides a cease and desist letter sent to Defendant on July 24, 2008, and Ms. Chang's response to that letter on August 6, 2008, in which she acknowledged receipt of the cease and desist letter, and stated that while she was unaware of the patented status of the items, Defendant would "discontinue to place orders for said items from the manufacturer in China." Proposed FAC ¶¶ 14-15 & Exhs. 8-9. Finally, Plaintiff provides copies of documents received from defense counsel on April 18, 2011. Vegh Reply Decl., ¶ 3 & Exh. B. These are allegedly several pages of invoices reflecting sales made by Creative Integrated, and include the sale of infringing furniture products

T653 and C654.[2] Exh. B, Bates Stamp CII0081, CII0124, CII0159. These invoices are dated January 3, 2009, June 23, 2010, and January 18, 2011, well after Ms. Chang acknowledged her awareness of the alleged infringement in her August 6, 2008 letter.

Given Ms. Chang's acknowledgment of her supervisory role in the company, the allegations that she received invoices, and that her company continued to sell the allegedly infringing products under her supervision after she acknowledged accusations of infringement, Plaintiff has satisfied the basic pleading requirements of Fed. R. Civ. P. 8(a) and the requirements, for purposes of the pleading, that Ms. Chang knew of the patent and actively aided and abetted in direct infringement. Accordingly, the Court finds Plaintiff's amendment is not futile.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion[3] in its entirety. The Court directs Plaintiff to manually file the FAC with the Court by not later May 25, 2011, and to include the modifications the Court ordered in the May 9, 2011, which require the deletion of personal data.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[2] Plaintiff lists the infringing furniture products in its FAC at ¶ 13.

[3] Dkt. 21.